**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOYCE AGBANOBI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-cv-03379-S** |
| | § | |
| **BERRY, APPLEMAN & LEIDEN LLP** | § | |
| **DBA BAL IMMIGRATION SERVICES,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Berry Appleman & Leiden LLP[1] ("Defendant" or "BAL") files its Answer and Affirmative and Other Defenses to Plaintiff Joyce Agbanobi's ("Plaintiff" or "Agbanobi") Original Complaint ("Complaint") [Dkt. 1].

Defendant submits its Original Answer to the allegations contained in the Complaint in the numbered paragraph order as delineated in the Complaint. Unless specifically admitted herein, the allegations contained in the Complaint are denied.

### I.    NATURE OF THE CASE

1.    Defendant admits only that it employed Plaintiff as a Senior Manager – Product until the time of her termination on or about March 18, 2025; and that Plaintiff has filed this lawsuit seeking a jury trial and alleged damages, as set forth in Paragraph 1 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint, and specifically denies

---

[1] Defendant is improperly named as Berry, Appleman & Leiden LLP, dba BAL Immigration Services. Defendant's proper name is Berry Appleman & Leiden LLP. Defendant does not utilize the dba "BAL Immigration Services".

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 1**

any liability on the part of Defendant.

## II.    THE PARTIES

2.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint, and they are therefore denied.

3.    Defendant admits that it is a law firm with a California limited liability partnership, and that its principal place of business is located at 2400 N. Glenville Drive, Richardson, TX 75082. Defendant admits that its registered agent, Jeremy Fudge may be served at the same address, as alleged in Paragraph 2 of the Complaint– however Defendant timely agreed to waive service of process, therefore the remaining allegations contained in Paragraph 3 of the Complaint are denied.

## III.    JURISDICTION AND VENUE

4.    The allegations contained in Paragraph 4 of the Complaint call for legal conclusions regarding jurisdiction, for which no response is required, but to the extent a response is required, the allegations of Paragraph 4 of the Complaint are denied.

5.    The allegations contained in Paragraph 5 of the Complaint call for legal conclusions regarding jurisdiction, for which no response is required, but to the extent a response is required, the allegations of Paragraph 5 of the Complaint are denied.

6.    The allegations contained in Paragraph 6 of the Complaint call for legal conclusions regarding venue, for which no response is required, but to the extent a response is required, the allegations of Paragraph 6 of the Complaint are denied. Defendant admits only that Plaintiff was employed within this District and Division, and that Defendant conducted business there, but denies any liability on the part of Defendant.

## IV.    STANDING AND PREREQUISITES

7.    The allegations contained in Paragraph 7 of the Complaint call for legal

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 2**

conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 7 of the Complaint are denied.

8.      The allegations contained in Paragraph 8 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 8 of the Complaint are denied.

9.      The allegations contained in Paragraph 9 of the Complaint call for legal conclusions regarding the exhaustion of administrative remedies, for which no response is required. To the extent a response is required, the allegations of Paragraph 9 of the Complaint are denied.

10.     The allegations contained in Paragraph 10 of the Complaint call for legal conclusions regarding the exhaustion of administrative remedies, for which no response is required. To the extent a response is required, the allegations of Paragraph 10 of the Complaint are denied.

11.     The allegations contained in Paragraph 11 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 11 of the Complaint are denied.

## V.     BACKGROUND FACTS

12.     Defendant admits that it hired Plaintiff as a "Senior Manager – Product" as alleged in Paragraph 12 of the Complaint, but denies any remaining allegations or characterizations contained in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits that Plaintiff's employment was terminated on or about March 18, 2025, as alleged in Paragraph 14 of the Complaint, but denies all other allegations or implications contained in Paragraph 14 of the Complaint, and specifically denies any wrongdoing or liability on the part of Defendant.

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 3**

15. Defendant is without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint, and they are therefore denied.

16. Defendant is without sufficient information to admit or deny the allegations of Paragraph 16 of the Complaint, and they are therefore denied.

17. To the extent the allegations contained in Paragraph 17 of the Complaint call for legal conclusions, no response is required, but to the extent a response is required, the allegations of Paragraph 17 are denied.

18. Defendant is without sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint, and they are therefore denied.

19. Defendant is without sufficient information to admit or deny the allegations concerning Plaintiff's alleged disability, anxiety, or depression, contained in Paragraph 19 of the Complaint, and they are therefore denied. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant is without sufficient information to admit or deny the allegations of Paragraph 20 of the Complaint, and they are therefore denied.

21. Defendant is without sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint, and they are therefore denied.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is without sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint, and they are therefore denied.

24. Defendant is without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint concerning Plaintiff's "mental well-being" or "professional standing", and they are therefore denied. Defendant denies the remaining allegations contained in

Paragraph 24 of the Complaint.

25.    Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.    Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.    Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 28 of the Complaint concerning Plaintiff' feelings, and they are therefore denied. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 29 of the Complaint, and they are therefore denied.

30.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 30 of the Complaint, and they are therefore denied.

31.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 31 of the Complaint, and they are therefore denied.

32.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 32 of the Complaint, and they are therefore denied.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36, as phrased, as it denies that Plaintiff ever made a protected complaint, therefore the allegations contained in Paragraph 36 of the Complaint are denied.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant is without sufficient information to admit or deny the allegations of

Paragraph 38 of the Complaint, and they are therefore denied.

39.     Defendant admits only that Plaintiff's manager generally complimented Plaintiff's energy and confidence, as alleged in Paragraph 39 of the Complaint, but is without sufficient information to admit or deny the specific language or comments in that communication and therefore the remaining specific allegations are denied.

40.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 40 of the Complaint, and they are therefore denied.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 46 of the Complaint, and they are therefore denied.

47.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 47 of the Complaint, and they are therefore denied.

48.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 48 of the Complaint, and they are therefore denied.

49.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 49 of the Complaint, and they are therefore denied.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Given the lack of specificity contained in the allegations of Paragraph 57, Defendant is without sufficient information to admit or deny the allegations of Paragraph 57 of the Complaint, and they are therefore denied.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 61 of the Complaint, and they are therefore denied.

62.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 62 of the Complaint concerning Plaintiff's actions, and they are therefore denied. Defendant denies the remaining allegations contained in Paragraph 62 of the Complaint.

63.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 63 of the Complaint, and they are therefore denied.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant admits only that the content of the imaged communication contained in

Paragraph 69 of the Complaint was sent from Plaintiff's manager, Diego Casillas, to her. Defendant denies the remaining allegations contained in Paragraph 60 of the Complaint.

70.     To the extent the allegations contained in Paragraph 70 of the Complaint call for legal conclusions, no response is required, but to the extent a response is required, the allegations of Paragraph 70 of the Complaint are denied. The remaining allegations of Paragraph 70 are denied.

71.     To the extent the allegations contained in Paragraph 71 of the Complaint call for legal conclusions, no response is required, but to the extent a response is required, the allegations of Paragraph 71 of the Complaint are denied. The remaining allegations of Paragraph 69 are denied.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 73 of the Complaint concerning Plaintiff'mental state, and they are therefore denied. Defendant denies the remaining allegations contained in Paragraph 73 of the Complaint

74.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 74 of the Complaint, and they are therefore denied.

75.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 75 of the Complaint, and they are therefore denied.

76.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 76 of the Complaint, and they are therefore denied.

77.     Defendant admits only that Plaintiff took a period of medical leave, and received short-term disability, as alleged in Paragraph 77 of the Complaint. Defendant is without sufficient information to admit or deny the allegations of Paragraph 77 of the Complaint, concerning

Plaintiff's "focus" or "mental health", and they are therefore denied. Defendant denies the remaining allegations contained in Paragraph 77 of the Complaint.

78.    Defendant admits only that Plaintiff took a period of FMLA leave as alleged in Paragraph 78 of the Complaint. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 78 of the Complaint, and they are therefore denied.

79.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 79 of the Complaint concerning Plaintiff's mental or physical health or thought processes, and they are therefore denied. Defendant denies the remaining allegations contained in Paragraph 79 of the Complaint.

80.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 80 of the Complaint, and they are therefore denied.

81.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 81 of the Complaint, and they are therefore denied.

82.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 82 of the Complaint, and they are therefore denied.

83.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 83 of the Complaint, and they are therefore denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant.

84.    Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 85 of the Complaint, and they are therefore denied.

86.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 86 of the Complaint, and they are therefore denied.

87.     Defendant admits only that Plaintiff informed Defendant she would not be returning to work on February 7, 2025 but denies the remaining allegations contained in Paragraph 87 of the Complaint.

88.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 88 of the Complaint, and they are therefore denied.

89.     Defendant admits only that on or about February 20, 2025, Defendant informed Plaintiff that her FLMA leave was exhausted, and a position for a Senior Manager Product role would be opened. Defendant denies the remaining allegations contained in Paragraph 89 of the Complaint.

90.     Defendant admits only that it requested that medical documentation be provided to Defendant's third-party benefits administrator but denies the remaining allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant is without sufficient information to admit or deny the allegations of Paragraph 92 of the Complaint concerning Plaintiff's mental state, and they are therefore denied. Defendant denies the remaining allegations contained in Paragraph 92 of the Complaint.

93.     Defendant admits only that Plaintiff returned to work on March 18, 2025. Defendant denies the remaining allegations contained in Paragraph 93 of the Complaint.

94.     Defendant admits only that Plaintiff did not immediately have access to Defendant's internal systems as that is standard protocol for all employees of Defendant who have taken leave. Defendant is without sufficient information to admit or deny the allegations of Paragraph 94 of the Complaint concerning Plaintiff's mental state, and they are therefore denied. Defendant denies the remaining allegations contained in Paragraph 94 of the Complaint.

95.     Defendant admits only that Plaintiff did not immediately have access to Defendant's internal systems as that is standard protocol for all employees of Defendant who have taken leave. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 95 of the complaint and they are therefore denied.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant admits only that on or about March 18, 2025, it informed Plaintiff that the role she previously held while on unprotected leave had been filled, but denies any remaining allegations or implications contained in Paragraph 97 of the Complaint.

98.     As phrased, the allegations, characterizations, and implications contained in Paragraph 98 are denied.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 100 of the Complaint concerning Plaintiff's mental state, and they are therefore denied.

101.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 101 of the Complaint concerning Plaintiff's mental state, and they are therefore denied. Defendant denies the remaining allegations contained in Paragraph 101 of the Complaint.

102.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 102 of the Complaint, and they are therefore denied.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 105 of the Complaint, and they are therefore denied.

106.    Defendant is without sufficient information to admit or deny the allegations of

Paragraph 106 of the Complaint and they are therefore denied.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.    The allegations contained in Paragraph 109 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 109 of the Complaint are denied.

110.    Defendant admits only that it timely paid Plaintiff the 2024 bonus she was eligible for. To the extent the remaining allegations contained in Paragraph 110 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 110 of the Complaint are denied. Any remaining allegations and characterizations contained in Paragraph 110 of the Complaint are denied.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.    Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 113 of the Complaint, and they are therefore denied.

114.    Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 115 of the Complaint, and they are therefore denied.

116.    Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 119 of the Complaint, and they are therefore denied.

120.    Defendant admits only that Plaintiff is represented by counsel in this matter, as alleged in Paragraph 120 of the Complaint. Defendant denies the remaining allegations or implications contained in Paragraph 120 of the Complaint, and specifically denies any liability on the part of Defendant.

## VI.    CAUSES OF ACTION

### A.    COUNT 1: VIOLATION OF TITLE VII

121.    The allegations contained in Paragraph 121 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 121 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant.

122.    The allegations contained in Paragraph 122 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 122 of the Complaint are denied. The remaining allegations contained in Paragraph 122 of the Complaint are denied.

123.    Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124.    Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.    The allegations contained in Paragraph 125 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 125 of the Complaint are denied. The remaining allegations contained in Paragraph 125 of the Complaint are denied.

126.    The allegations contained in Paragraph 126 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 126 of the Complaint are denied. The remaining allegations contained in Paragraph 126 of the Complaint are denied. Defendant specifically denies any liability or

wrongdoing on the part of Defendant and denies that Plaintiff is entitled to any damages whatsoever.

**B.    COUNT 2: VIOLATION OF THE ADA**

127.    The allegations contained in Paragraph 127 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 127 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant, pled under Count 2, as alleged in Paragraph 127 of the Complaint.

128.    The allegations contained in Paragraph 128 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 128 of the Complaint are denied.

129.    The allegations contained in Paragraph 129 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 129 of the Complaint are denied. The remaining allegations contained in Paragraph 129 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant.

130.    Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.    Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132.    Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.    The allegations contained in Paragraph 133 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 133 of the Complaint are denied. The remaining allegations contained in Paragraph 133 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant and denies that Plaintiff is entitled to any damages

whatsoever.

## C.      <u>COUNT 3: VIOLATION OF § 1981</u>

134.    The allegations contained in Paragraph 134 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 134 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant, pled under Count 3, as alleged in Paragraph 134 of the Complaint.

135.    The allegations contained in Paragraph 135 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 135 of the Complaint are denied.

136.    The allegations contained in Paragraph 136 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 136 of the Complaint are denied. The remaining allegations contained in Paragraph 136 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant.

137.    Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138.    Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.    Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.    The allegations contained in Paragraph 140 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 140 of the Complaint are denied. The remaining allegations contained in Paragraph 140 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant and denies that Plaintiff is entitled to any damages whatsoever.

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 15**

**D.      COUNT 4: VIOLATION OF FMLA**

141.    The allegations contained in Paragraph 141 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 141 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant, pled under Count 4, as alleged in Paragraph 141 of the Complaint.

142.    The allegations contained in Paragraph 142 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 142 of the Complaint are denied.

143.    The allegations contained in Paragraph 143 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 143 of the Complaint are denied.

144.    The allegations contained in Paragraph 144 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 144 of the Complaint are denied.

145.    The allegations contained in Paragraph 145 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 145 of the Complaint are denied.

146.    The allegations contained in Paragraph 146 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 146 of the Complaint are denied.

147.    The allegations contained in Paragraph 147 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 146 of the Complaint are denied.

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 16**

148.    Defendant denies the allegations contained in Paragraph 148 of the Complaint.

149.    The allegations contained in Paragraph 149 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 149 of the Complaint are denied.

150.    Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151.    The allegations contained in Paragraph 151 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 151 of the Complaint are denied. The remaining allegations contained in Paragraph 151 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant and denies that Plaintiff is entitled to any damages whatsoever.

## E.    COUNT 4: VIOLATION OF TEXAS LABOR CODE CH. 21

152.    The allegations contained in Paragraph 152 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 152 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant, pled under Count 4 (misnumbered) or what is actually Count 5, as alleged in Paragraph 152 of the Complaint.

153.    The allegations contained in Paragraph 153 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 153 of the Complaint are denied.

154.    Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155.    Defendant denies the allegations contained in Paragraph 155 of the Complaint.

156.    Defendant denies the allegations contained in Paragraph 156 of the Complaint.

157.    Defendant denies the allegations contained in Paragraph 157 of the Complaint.

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 17**

158.   The allegations contained in Paragraph 158 of the Complaint call for legal conclusions, for which no response is required, but to the extent a response is required, the allegations of Paragraph 158 of the Complaint are denied. The remaining allegations contained in Paragraph 158 of the Complaint are denied. Defendant specifically denies any liability or wrongdoing on the part of Defendant and denies that Plaintiff is entitled to any damages whatsoever.

## VII.   JURY DEMAND

159.   Defendant admits only that Plaintiff makes a demand for a jury, as alleged in Paragraph 159 of the Complaint but denies she is entitled to the same, and thus the further implications and allegations contained in Paragraph 159 are denied.

## VIII.   PRAYER

In response to the Prayer paragraph, Defendant denies all allegations contained therein. Defendant also expressly denies that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

Any and all allegations in Plaintiff's Original Complaint not expressly admitted herein are hereby denied by Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in the Complaint, Defendant affirmatively pleads the following defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue that it would not otherwise bear such burden.  Defendant reserves the right to supplement these pleadings with further applicable defenses as more facts become available.  To the extent any defenses or legal theories may be interpreted as inconsistent, they are pleaded in the alternative.

1.      Plaintiff's claims are barred in whole or in part to the extent they fail to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, to the extent they are barred by the applicable statute(s) of limitations or prescriptive period.

3.      Employment decisions taken with regard to Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons that were not pretextual.

4.      While denying that discrimination, retaliation, or any other impermissible factor played any role with respect to any employment decision or act complained of by Plaintiff, Defendant would have taken the same actions regardless of any alleged improper or impermissible motive.

5.      Plaintiff's damages are limited to the extent that she failed to mitigate her damages, if any.

6.      To the extent that Defendant discovers during the course of the action that Plaintiff engaged in any conduct that would have warranted discharge under Defendant's policies, Plaintiff's right to recover damages beyond the date of that discovery will be cut off.

7.      Any claim by Plaintiff for punitive damages is barred by Defendant's good faith efforts to comply with applicable employment discrimination laws.

8.      Plaintiff is not entitled to an award of punitive damages, as she has not pled and cannot prove facts sufficient to support such an award under applicable law. Any award of punitive damages is subject to all statutory, common law, and constitutional principles and limitations.

9.      To the extent Plaintiff's claims and allegations of discrimination and retaliation exceed the reasonable scope of any investigation of any Charge of Discrimination filed with the

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 19**

Equal Employment Opportunity Commission and/or the Texas Workforce Commission based on the same underlying allegations as set forth in the Complaint, such claims and allegations are barred.

10.     Plaintiff's claims for relief are subject to all applicable statutory caps and limitations.

11.     Plaintiff's claims are barred to the extent she was reasonably accommodated by Defendant, and/or to the extent she failed to request a reasonable accommodation, and/or to the extent she failed or refused to engage in the interactive process.

12.     Plaintiff's claims fail, in whole or in part, to the extent any accommodation sought by Plaintiff would have resulted in undue hardship, and/or to the extent no reasonable accommodation existed that would have permitted Plaintiff to perform the essential functions of her position.

13.     Defendant reserves the right to file and serve additional defenses as the facts of this case are developed.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff's Original Complaint be dismissed with prejudice, that Plaintiff take nothing by this suit, and that Defendant be awarded its costs, attorneys' fees, expenses, and all other legal and equitable relief to which it may be entitled.

Dated:  February 5, 2026

Respectfully Submitted,

*/s/ Barb M. Lorenz*

Barb M. Lorenz
Texas Bar No. 24102171
blorenz@littler.com
Anna Bookout
Texas Bar No. 24143858
abookout@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201.2931
Telephone:    214.880.8100
Facsimile:    214.880.0181

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2026, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Michael R. Steinmark
State Bar No. 24051384
STECKLER WAYNE & LOVE, PLLC
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041
michael@stecklerlaw.com

*Attorney for Plaintiff*

*/s/ Barb M. Lorenz*

Barb M. Lorenz

4932-2412-2498.2 / 025172.1031

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 21**