**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOYCE AGBANOBI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:25-cv-03379-S** |
| | § | |
| **BERRY, APPLEMAN & LEIDEN LLP** | § | |
| **DBA BAL IMMIGRATION SERVICES,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**JOINT RULE 26(f) REPORT**

Pursuant to the Court's February 6, 2026 Order Setting Initial Hearing [Doc. 9], Plaintiff Joyce Agbanobi ("Plaintiff") and Defendant Berry Appleman & Leiden LLP[1] ("Defendant") (collectively, the "Parties"), file this Joint Report Regarding Rule 26(f) Conference and Scheduling Proposal as follows:

In accordance with this Court's Order, counsel for Plaintiff, Michael Steinmark, and counsel for Defendant, Barb Lorenz and Anna Bookout, met on February 18, 2026, to discuss the parties' views and proposals on the matters set forth in Rule 26(f)(3). The following is a report of their meeting:

**FRCP 26(F) JOINT REPORT AND DISCOVERY PLAN**

1. **A brief statement of the nature and basis of the parties claims and defenses:**

**Plaintiff's Response:**

Defendant Berry Appleman & Leiden LLP ("BAL") employed Plaintiff Joyce Agbanobi ("Joyce") in a technological non-attorney role as a "Senior Manager – Product" until BAL wrongfully terminated Joyce's employment on or about March 18, 2025, for unlawful reasons, including her race, disability, and/or

---

[1] Defendant's proper name is Berry Appleman & Leiden LLP. Defendant does not utilize the dba "BAL Immigration Services".

**JOINT RULE 26(f) REPORT - Page 1**

opposition to unlawful employment practices. For example, without limitation, BAL allowed its employees to make inappropriate comments regarding Joyce's race, color, and national origin; failed to take corrective action to stop such misconduct, which persisted; treated Joyce worse than similarly situated male peers; and retaliated against Joyce for reporting such misconduct, including taking away job responsibilities and, ultimately, presenting her with the Hobson's choice of a demotion or involuntary termination. BAL also harassed, discriminated, and/or retaliated against Joyce for taking disability leave, including without limitation having no intent to protect her job, hiring her replacement while she was on disability leave, and refusing to reinstate her in her prior job upon returning from disability leave. Further, BAL failed to honor a reasonable accommodation request, namely, for a short-term, limited and defined duration disability leave after Joyce's FMLA leave ended, as BAL initially approved the extension of her disability leave but, upon her return to work, told her that her job had been given to someone else and she had to accept a demotion or involuntary termination. Additionally, BAL discriminated, harassed, and/or retaliated against Joyce on the basis of race, subjected her to a racially hostile work environment, and fired her for complaining about it. BAL also failed to reinstate Joyce to the same or an equivalent job when she sought to return to work before expiration of her FMLA leave, which BAL had agreed to extend. Additionally, or in the alternative to the extent necessary, BAL retaliated and discriminated against Joyce for exercising her FMLA rights, including without limitation by hiring her replacement while she was on leave and offering her the Hobson's choice of a demotion or involuntary termination upon her return from her extended FMLA leave. Ultimately, BAL fired Joyce because of her opposition to unlawful discrimination, harassment, and/or retaliation. These and the other unlawful discriminatory, harassing, and/or retaliatory acts and practices to which BAL subjected Joyce as described in Plaintiff's Original Complaint (Doc. 1), as may be amended, violate Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, as amended, 42 U.S.C. §1981, as amended in 1991, the Family and Medical Leave Act, Texas Labor Code Chapter 21, and other applicable law. BAL had no legitimate, non-discriminatory, non-harassing, and non-retaliatory reasons for the adverse actions it took against Joyce, and any reasons BAL professes as such are mere pretext. As a result, Joyce has been forced to bring this suit seeking a jury trial to recover back pay and front pay damages, compensatory damages, punitive damages, statutory damages, attorneys' fees, interest, costs of court, and all other relief available at law or in equity, as set forth in Joyce's Original Complaint (Doc. 1). Anything not expressly plead in the alternative in this paragraph is intended to be plead in the alternative if so set forth in Joyce's Original Complaint, which is incorporated herein by reference and is intended to control over any conflict with this general description.

**Defendant's Response:**

Defendant denies any violation of any provision of the Texas Labor Code, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, or the Family and Medical Leave Act. Defendant did not violate the

FMLA, did not retaliate against Plaintiff for taking leave, and had no legal obligation to reinstate her to her prior position because Plaintiff returned to work only after her FMLA entitlement had been fully exhausted. Defendant did not fail to accommodate Plaintiff and Plaintiff has no evidence that she was replaced by or treated less favorably than non-disabled employees. Plaintiff's claims regarding unfair treatment, harassment, or retaliation based on any protected category and/or alleged protected activity are unsubstantiated and there is no evidence to support any of these claims. Any claim that Defendant retaliated against her equally rings hollow as Plaintiff was terminated for legitimate, non-discriminatory and non-pretextual reasons. Defendant further states that Plaintiff is not entitled to any damages and/or relief arising out of the averments made in this action as Defendant took no action nor committed any omission that would constitute a violation of any local, state, or federal common law.

2.      **Prospects for settlement, and status of any settlement negotiations:**

Plaintiff has submitted a settlement offer to Defendant. At this time, Defendant has not yet provided a counteroffer. During the parties' Rule 26(f) conference on February 18, 2026, counsel discussed the possibility of settlement. Plaintiff believes a meaningful settlement dialogue is already ripe, but Defendant contends that meaningful settlement discussions will be more appropriate following the exchange of initial discovery and preliminary depositions. The parties agree that mediation would be helpful.

3.      **Whether the parties waive their right to proceed before a district judge of the United States District Court and consent to trial (jury or nonjury) before a United States Magistrate Judge:**

The Parties do not consent.

4.      **Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery):**

The Parties agree to mediate this case as early as reasonably practicable but no later than the deadline contained within the Court's Scheduling Order. The Parties have discussed proposed mediators and have agreed to mediate with Courtenay Bass.

5.      **Proposed Discovery Plan:**

A.      **What changes should be made in the timing, form, or requirement for disclosures under Rule 26 (a), including a statement of when initial disclosures were made or will be made;**

**JOINT RULE 26(f) REPORT - Page 3**

None. Plaintiff served her Rule 26 initial disclosures on February 6, 2026. Defendant served its Rule 26 initial disclosures on February 19, 2026.

**B.**  **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

Plaintiff anticipates needing discovery on all allegations in the Complaint, all of Defendant's defenses (affirmative or otherwise), any evidence concerning Plaintiff's allegations and Defendant's defenses (affirmative or otherwise), and all other issues and aspects of liability and damages.

Defendant anticipates needing discovery regarding Plaintiff's allegations, any evidence concerning her allegations, as well as any information and documents regarding any complaints she allegedly made to Defendant, and information and documents related to her alleged damages. Defendant further contends that discovery will be necessary on all issues related to liability and damages.

The Parties propose a discovery deadline of February 5, 2027.

The Parties agree that discovery should not be conducted in phases or be limited to or focused upon particular issues.

**C.**  **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

The Parties agree that most electronic information and documents should be produced in hard copy or PDF format. For some types of electronic information, it may also be necessary to produce the documents in their native file format, i.e., the default format of the file, access to which is typically provided through the software program in which the file was created.

The Parties agree to confer in good faith regarding any electronically stored information that may require production in a format other than hard copy or PDF.

**D.**  **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

The Parties reserve the right to assert any lawful privilege or protection from production, both before or after a document or information has been produced. The Parties agree that, if privileged documents are inadvertently produced, upon

identification of the privileged document by counsel for the producing party, the opposing counsel will return the document post-haste without copying or transmitting the document to others. The Parties will agree to a proposed protective order regarding confidential business and personnel documents and information for submission to the Court, if necessary.

E.     **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The Parties agree that no changes should be made in the limitations on discovery imposed under these rules and by local rules.

F.     **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

The Parties agree that the court should not issue any orders under Rule 26(c) or under Rule 16(b) and (c) at this time.

Dated:  February 19, 2026                              Respectfully Submitted


 /s/ Michael R. Steinmark with permission        /s/ Barb M. Lorenz
Michael R. Steinmark                              Barb M. Lorenz
State Bar No. 24051384                            Texas Bar No. 24102171
STECKLER WAYNE & LOVE, PLLC                       blorenz@littler.com
12720 Hillcrest Road, Suite 1045                  Anna Bookout
Dallas, TX 75230                                  Texas Bar No. 24143858
Telephone: 972-387-4040                           abookout@littler.com
Facsimile: 972-387-4041                           LITTLER MENDELSON, P.C.
michael@stecklerlaw.com                           2001 Ross Avenue, Suite 1500
                                                  Dallas, Texas 75201.2931
**ATTORNEY FOR PLAINTIFF**                        Telephone:    214.880.8100
                                                  Facsimile:    214.880.0181Attorneys for

                                                  **ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

        I hereby certify that on February 19, 2026, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

        Michael R. Steinmark
        State Bar No. 24051384
        STECKLER WAYNE & LOVE, PLLC
        12720 Hillcrest Road, Suite 1045
        Dallas, TX 75230
        Telephone: 972-387-4040
        Facsimile: 972-387-4041
        michael@stecklerlaw.com

        *Attorneys for Plaintiff*


                                                   /s/ Anna Bookout
                                                  Anna Bookout


4924-5937-3966.1 / 025172.1031

**JOINT RULE 26(f) REPORT - Page 6**